IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor, | CASE NO.: 1:18-cv-2247 |
| | JUDGE: |
| Plaintiff, | |
| v. | |
| LOCAL UNION 72, AMERICAN POSTAL WORKERS UNION, AFL-CIO, | **COMPLAINT** |
| Defendant. | |

Now comes the Plaintiff, R. Alexander Acosta, Secretary of Labor, by and through Justin E. Herdman, United States Attorney, and Renée A. Bacchus, Assistant United States Attorney, and alleges as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action under Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (the "Act"), 29 U.S.C. §§ 481-483, as applied to Local Union 72, American Postal Workers Union (Defendant) by the Postal Reorganization Act, 39 U.S.C. § 1209(b), for a judgment declaring that the April 29, 2018 election conducted by Defendant for the contested officer positions of President, Secretary-Treasurer, Financial Secretary, Director of Research and Education, Assistant Director of Clerk Craft, Assistant Director of Maintenance Craft, Delegates to the State Convention for Clerk Craft, and Delegates to the State Convention for Maintenance Craft is void and directing Defendant to conduct a new election for these offices under Plaintiff's supervision, and for other appropriate relief.

JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28

U.S.C. § 1331, and 28 U.S.C. § 1345.

3. Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

PARTIES

4. Plaintiff R. Alexander Acosta is the duly appointed Secretary of Labor, United States Department of Labor.  Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5. Defendant is, and at all times relevant to this action has been, an unincorporated association residing within the County of Cuyahoga, Ohio, within the jurisdiction of this district.

FACTUAL ALLEGATIONS

6. Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i) and (j) and 401(b) of the Act, 29 U.S.C. §§ 402(i) and (j) and 481(b).

7. Defendant, purporting to act pursuant to its constitution and bylaws and the constitution of the American Postal Workers Union (the national union), conducted an election of officers on April 29, 2018, and this election was subject to the provisions of Title IV of the Act, 29 U.S.C. §§ 481-483.

8. By email on April 30, 2018, to Defendant's Election Committee, the Complainant, Jacqueline Stewart-Harris, a member in good standing of Defendant, protested the election.

9. By letter dated May 3, 2018, the Election Committee denied the protest.

10. Stewart-Harris appealed the decision of the Election Committee to the APWU National Election Appeals Committee (NEAC) by letter dated May 11, 2018.

11. By letter dated May 21, 2018, to Stewart-Harris and the Election Committee, the

NEAC acknowledged Stewart-Harris's appeal and requested that Stewart-Harris provide any additional information that supports her appeal.

12. Stewart-Harris provided the NEAC with additional information by fax dated June 11, 2018.

13. By letter dated July 17, 2018, to Stewart-Harris, the NEAC denied the appeal.

14. Having exhausted the remedies available and having received a final decision, Stewart-Harris filed a timely complaint with the Secretary of Labor on July 30, 2018, within the one calendar month required by section 402(a)(1) of the Act, 29 U.S.C. § 482(a)(1).

15. Pursuant to section 601 of the Act, 29 U.S.C. § 521, and in accordance with section 402(b) of the Act, 29 U.S.C. § 482(b), Plaintiff investigated the complaint and, as a result of the facts shown by his investigation, found probable cause to believe that: (1) violations of Title IV of the Act, 29 U.S.C. §§ 481-483, had occurred in the conduct of Defendant's April 29, 2018 election; and (2) that such violations had not been remedied at the time of the institution of this action.

16. Local 72 contracted with Accounting Business Services (ABS) to administer its mail ballot election.

17. On or around April 9, 2018, ABS mailed 1,296 ballot packages to members.

18. The ballot packages each contained a ballot, a secret ballot envelope, a return envelope pre-addressed to ABS, and instructions.

19. The instructions directed the member to mark the ballot, place the ballot in the secret ballot envelope, and then place the secret ballot envelope in the larger return envelope pre-addressed to ABS. The instructions directed the member to write their name and address in the upper left corner of the return envelope and warned that the ballot would not be counted if the

member failed to do so.

20. Printed on each ballot was a number unique to each member. The unique number was also printed on the return envelope used to mail the ballot back to ABS and on which the member was instructed to write his or her name and address.

21. ABS created a list that matched each member's name with the number on his or her ballot.

22. Upon information and belief, Defendant relied upon members contacting the union to update their mailing addresses prior to the April 2018 election.

23. In or around late March 2018, Defendant mailed notice of the election to members in a special election edition of its newsletter.

24. Upon information and belief, the union made no efforts to obtain correct addresses for those members whose newsletters were returned undeliverable to Defendant.

25. When a ballot package was returned undeliverable without a forwarding address to ABS, an ABS employee emailed the Election Committee with the name of the member.

26. ABS emailed the Election Committee the names of approximately 71 members whose ballot packages had been returned undeliverable without a forwarding address.

27. Upon information and belief, the Election Committee found updated addresses for only approximately 11 members whose ballot packages were reported by ABS as having been returned undeliverable.

28. There were approximately 69 ballot packages that were returned undeliverable with no forwarding address and that were not re-mailed by ABS to an updated address. These members did not vote.

29. On or around April 9, 2018, the Election Committee distributed a notice that

instructed members to contact the Election Committee if they had moved or changed crafts in the past three years. The phone number listed on the notice was for a cell phone obtained for use by the Election Committee.

30. The call log for the Election Committee cell phone reflects that there were 34 incoming calls from April 7 to April 28, 2018. At least 31 of the calls were missed phone calls.

31. The call log for the cell phone reflects that the cell phone was not used to return any calls until April 23, 2018.

32. The call log for the cell phone reflects that, aside from voicemail checks, it was used to make 13 outgoing calls. Four of these calls were to phone numbers to which the cell phone log showed a previous outgoing call had been made.

33. Upon information and belief, the Election Committee did not respond to all duplicate ballot requests by members. As a result, those members did not vote.

34. The special election edition of Local 72's newsletter stated that voted ballots must be received at ABS' office no later than Saturday, April 28, 2018.

35. The instructions in the mail ballot packages stated that voted ballots must be delivered (via USPS or otherwise) to ABS' office no later than 12:00pm on April 27, 2018.

36. Around April 17 or 18, 2018, the Election Committee distributed a flyer indicating that ballots needed to be received by ABS by noon on Saturday, April 27, 2018.

37. The flyer stated that any ballots received after April 23, 2018 should be hand delivered to the Election Committee and listed times and places that the Election Committee would be available. The flyer also indicated that members could arrange by phone for the Election Committee to pick up ballots at other post offices.

38. Upon information and belief, the flyer was posted at postal stations with Local 72

members and emailed to members who had signed up on Defendant's website to receive updates via email.

39. Upon information and belief, not all members received notice of the change in procedures printed in the flyer.

40. Upon information and belief, the Election Committee did not respond to all requests by members to have Election Committee members come to their post offices and pick up their ballots. As a result, those members did not vote.

41. Election Committee members personally collected ballots from Local 72 members and hand-delivered these ballots to ABS.

42. On Friday, April 27, 2018, Election Committee Chair Marcy Sanford removed some voted ballot packages from the mail stream at the main post office and personally delivered these ballots to ABS before the election deadline.

43. When collecting members' ballots and personally delivering the ballots to ABS, the Election Committee members did not use a lock box, have observers witness the collection and delivery, or make a record of which members' ballots they collected.

44. The ballots were counted on April 29, 2018 by ABS employees in the presence of the Election Committee and some of the candidates and observers.

45. ABS did not count ten ballots because the ballots were not enclosed in a secret ballot envelope within the outer return envelope.

46. ABS did not count one ballot because the ballot markings were to the right of the candidates' names instead of in the boxes to the left.

<u>FIRST CAUSE OF ACTION</u>

47. Section 401(e) of the Act, 29 U.S.C. § 481(e), provides that every member in

good standing shall have the right to vote for the candidate or candidates of his choice.

48. Defendant violated 29 U.S.C. § 481(e) by failing to make reasonable efforts to maintain an accurate mailing list for its membership before mailing ballots for the April 2018 election, by failing to make reasonable efforts to obtain updated addresses for undeliverable ballot packages, and by failing to promptly respond to all members' requests for replacement ballots.

## SECOND CAUSE OF ACTION

49. Section 401(c) of the Act, 29 U.S.C. § 481(c), provides a general mandate that "adequate safeguards to insure a fair election" be provided.

50. Defendant violated 29 U.S.C. § 481(c) when it provided inconsistent and incorrect information and inadequate notice regarding the deadlines and methods for returning ballots during the course of the election.

51. Defendant also violated 29 U.S.C. § 481(c) when Election Committee members personally collected ballots from members, removed ballots from the mail stream, and did not take adequate precautions to ensure no ballot tampering or fraud occurred.

## THIRD CAUSE OF ACTION

52. Section 401(e) of the Act, 29 U.S.C. § 481(e), provides that each member in good standing is entitled to one vote and that the votes cast by members of each local labor organization shall be counted.

53. Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), by failing to count ten valid ballots cast by members who did not place their ballots in a secret envelope and one ballot on which a member indicated his selections to the right of the candidates' names instead of in the boxes to the left.

FOURTH CAUSE OF ACTION

54. Section 401(b) of the Act, 29 U.S.C. § 481(b), provides that every local labor organization shall elect its officers not less often than once every three years by secret ballot among the members in good standing.

55. Defendant violated section 401(b) of the Act, 29 U.S.C. § 481(b), by failing to hold a secret ballot election in that the numbered ballots could be matched to the numbered outer envelope with the members' names and addresses. Additionally, ABS maintained a list matching the members' names with the numbers on their ballots, thus permitting voters to be linked to their votes.

56. The above violations of sections 401(b), 401(c) and 401(e) of the Act, 29 U.S.C. §§ 481(b), (c) and (e), may have affected the outcome of the races for all contested officer positions in Defendant's April 29, 2018 election.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a) declaring Defendant's election for the offices of President, Secretary-Treasurer, Financial Secretary, Director of Research and Education, Assistant Director of Clerk Craft, Assistant Director of Maintenance Craft, Delegates to the State Convention for Clerk Craft, and Delegates to the State Convention for Maintenance Craft to be void;

(b) directing Defendant to conduct a new election for these offices under the supervision of Plaintiff;

(c) for the costs of this action; and

(d) for such other relief as may be appropriate.

        Respectfully submitted,

        JOSEPH H. HUNT
        Assistant Attorney General

        JUSTIN E. HERDMAN
        United States Attorney
        Northern District of Ohio


By:    s/ Renée A. Bacchus
        Renée A. Bacchus (#0063676)
        Assistant United States Attorney
        801 W. Superior Avenue, Suite 400
        Cleveland, OH  44113
        216-622-3707 – Bacchus
        216-522-4982 – fax
        Renee.Bacchus@usdoj.gov


OF COUNSEL:

KATE S. O'SCANNLAIN
Solicitor of Labor

BEVERLY DANKOWITZ
Associate Solicitor

JEFFREY LUPARDO
Counsel for Labor-Management and Civil Rights Enforcement

CLAIRE KENNY
Attorney

U.S. Department of Labor