**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **EUGENE SCALIA, SECRETARY OF** | ) | **CASE NO.: 1:18-cv-02247-SO** |
| **LABOR, U.S. DEPARTMENT OF LABOR,** | ) | |
| | ) | **JUDGE: Solomon Oliver, Jr** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **AMERICAN POSTAL WORKERS UNION** | ) | **Stipulation of Settlement** |
| **LOCAL 72,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## STIPULATION OF SETTLEMENT AND ORDER

Plaintiff, Eugene Scalia, Secretary of Labor, United States Department of Labor[1]

("Secretary" or "Plaintiff"), having filed his complaint and Defendant, American Postal Workers

Union, Local 72 ("Defendant" or the "Local Union"), having appeared by counsel and having

answered, and in order to resolve this action without the necessity of further litigation, the parties

stipulate and agree as follows:

1.      Plaintiff brought this action under Title IV of the Labor-Management

Reporting and Disclosure Act of 1959 (29 U.S.C. § 401, et seq.), hereinafter referred to as the Act,

requesting a judgment declaring that the Local Union's elections for the offices of President,

Secretary-Treasurer, Financial Secretary, Director of Research and Education, Assistant Director

of Maintenance, Assistant Director of Clerk Craft, Delegates State Convention Maintenance Craft

(2), Delegates State Convention Clerk Craft (7), which were concluded on April 29, 2018, be

---

[1] Pursuant to F.R.C.P. 25(d), Plaintiff substitutes the Secretary of Labor, Eugene Scalia, who has
been appointed to fill the position of Secretary of Labor, formerly held by R. Alexander Acosta.

declared void and requesting that a new election for those offices be conducted under the supervision of the Plaintiff.

2. Plaintiff alleged that violations of Title IV of the Act had occurred and had not been remedied at the time of the institution of this action. The Local Union denies the violations alleged.

3. Plaintiff and the Local Union agree to entry of an order directing that the next regularly-scheduled election of officers of the Local Union, including nominations, be conducted under the supervision of the Secretary, to be concluded on or before April 30, 2021. It is further stipulated that:

a. The election will be conducted by mail ballot;

b. Nominations for office shall take place at the regular membership meeting in March 2021.

c. The supervised election shall be conducted in accordance with Title IV of the Act (29 U.S.C. § 481, et seq.) and, insofar as lawful and practicable, in accordance with the Local Union's Constitution and Bylaws and the decisions of the Secretary with regard thereto shall be final, subject to review by the Court; and

d. The individuals elected to office in the supervised election shall begin their terms of office at the next regular membership meeting, following the date of the union's election, in accordance with the Local Union's Constitution and Bylaws, and shall serve until the expiration of their terms of office.

4. This order is in settlement of the instant litigation and is not intended and should not be construed as an admission by the Local Union that the Local Union or any of its officers or employees or agents violated Title IV of the LMRDA.

2

5. The Court shall retain jurisdiction of this action, pursuant to Section 402(c)(3) of the Act, 29 U.S.C. 482(c)(3), and after completion of the supervised election, Plaintiff shall certify to the Court the name of the persons so elected, and that such election was conducted in accordance with Title IV of the Act, and insofar as lawful and practicable, in accordance with the provisions of the Defendant's Constitution and Bylaws.

6. Each Party shall bear its own costs, including attorneys' fees and other expenses incurred by such party in connection with any stage of this proceeding.

Upon approval of such certification, the Court shall enter a Judgment declaring that such persons have been elected as shown by such certification, and further, that each party hereby agrees to bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

7. The President of the American Postal Workers Union, Local 72 has reviewed the terms of this Stipulation of Settlement and represents that he has the authority to enter into this settlement on behalf of Defendant.

**SO ORDERED.**

**Dated: April 6, 2020**

 /s/ Solomon Oliver, Jr.
**United States District Judge**

/s/ Richard L. Stoper, Jr.
Richard L. Stoper, Jr.
Goldstein & Gragel LLC
1111 Superior Avenue, East
Suite 620
Cleveland, Ohio 44114
216-771-6633 ext. 3 (phone)
216-771-7559 (fax)
rstoper@ggcounsel.com

Justin E. Herdman
UNITED STATES ATTORNEY
Northern District of Ohio

/s/ Renée A. Bacchus
Renée A. Bacchus
Sara DeCaro
Assistant United States Attorneys
801 W. Superior Ave., Suite 400
Cleveland, OH  44113
(216) 622-3707 (Bacchus)
(216) 622-3670 (DeCaro)
Renee.bacchus@usdoj.gov
Sara.decaro@usdoj.gov

4