## UNITED STATES DISTRICT COURT
## THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR, U.S. DEPARTMENT OF LABOR,[1] | ) ) | CASE NO.: 1:18-cv-02247-SO |
| | ) | JUDGE: Solomon Oliver, Jr |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN POSTAL WORKERS UNION LOCAL 72, | ) ) | CERTIFICATION OF ELECTION BY U.S. |
| | ) | DEPARTMENT OF |
| Defendant. | ) | LABOR |

The election having been conducted in the above matter under the supervision of the

Secretary of Labor, United States Department of Labor, pursuant to a Stipulation of Settlement

and Order dated April 6, 2020, in the United States District Court for the Northern District of

Ohio, Eastern Division, in accordance with the provisions of Title IV of the Labor-Management

Reporting and Disclosure Act of 1959 (29 U.S.C. §§ 481-483) and, insofar as lawful and

practicable, in conformity with the Constitution and Bylaws of the defendant labor organization,

therefore:

Pursuant to Section 402(c) of the Labor-Management Reporting and Disclosure Act of

1959 (29 U.S.C. § 482(c)), and the authority delegated to me,

**IT IS HEREBY CERTIFIED** that the following named candidates are duly elected to

the offices designated:

Daleo Freeman                            President

---

[1] Pursuant to F.R.C.P. 25(d), Martin J. Walsh, who is serving as the Secretary of Labor, is automatically substituted as the Plaintiff in place of former Secretary of Labor Eugene Scalia.

| | |
|---|---|
| Nigel Saleem | Executive Vice President |
| Lonnie Turner | Secretary-Treasurer |
| Bindu Sancho | Financial Secretary<br>Clerk Craft National Convention Delegate<br>Clerk Craft State Convention Delegate |
| Juanita Jett | Director of Research and Education<br>Maintenance Craft National Convention Delegate |
| Tonya Butler | Director of Clerk Craft<br>AFL-CIO Delegate |
| Sharon Denise Travis | Assistant Director of Clerk Craft |
| Joe E. Washington | Administrative Aide of Stations and Branches – East<br>Clerk Craft National Convention Delegate<br>Clerk Craft State Convention Delegate |
| Ingrid Rivera | Administrative Aide of Stations and Branches – West<br>Clerk Craft National Convention Delegate<br>Clerk Craft State Convention Delegate<br>AFL-CIO Delegate |
| Tom Vlasek | Director of Maintenance |
| Randy Todd | Assistant Director of Maintenance<br>Maintenance Craft National Convention Delegate<br>Maintenance Craft State Convention Delegate |
| Steve Martin | Director of Motor Vehicle |
| Dwayne Sopshire | Assistant Director of Motor Vehicle<br>Motor Vehicle Craft National Convention Delegate<br>Motor Vehicle Craft State Convention Delegate |
| Cristian Trifu | Maintenance Craft State Convention Delegate |
| Donald Jackson, Jr. | Motor Vehicle Craft National Convention Delegate<br>Motor Vehicle Craft State Convention Delegate |

| | |
|---|---|
| James "JD" Dennis | Clerk Craft National Convention Delegate<br>Clerk Craft State Convention Delegate<br>AFL-CIO Delegate |
| Jacqueline Stewart-Harris | Clerk Craft National Convention Delegate<br>Clerk Craft State Convention Delegate<br>AFL-CIO Delegate |
| Germaine Williams | Clerk Craft National Convention Delegate<br>Clerk Craft State Convention Delegate |
| Brittany Price | Clerk Craft National Convention Delegate |
| Trennel "Tre" Bailey | Clerk Craft State Convention Delegate |

Attached herewith is a declaration setting forth the allegations in the protests concerning the supervised election and the Department of Labor's findings after investigating the protests.

Signed this 28th day of July, 2021.

*Brian A. Pifer*
_____
Brian A. Pifer, Director
Office of Field Operations
Office of Labor-Management Standards
United States Department of Labor

3

ATTACHMENT

**1**

## UNITED STATES DISTRICT COURT
## THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| MARTIN J. WALSH, SECRETARY OF<br>LABOR, U.S. DEPARTMENT OF LABOR,[1] | ) | CASE NO.: 1:18-cv-02247-SO |
| | ) | |
| | ) | JUDGE: Solomon Oliver, Jr |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN POSTAL WORKERS UNION<br>LOCAL 72, | ) | DECLARATION OF<br>BRIAN A. PIFER |
| | ) | |
| Defendant. | ) | |

I, Brian A. Pifer, am the Director of the Office of Field Operations, Office of Labor-

Management Standards ("OLMS"), U.S. Department of Labor ("Department").  The Department

supervised an election of officers of the American Postal Workers Union Local 72 ("APWU

Local 72"), which was held on April 27, 2021, pursuant to a Stipulation of Settlement and Order

entered on April 6, 2020, by the Court ("the supervised election").

OLMS received a pre-election and a post-election protest, which were investigated and

resolved prior to certifying the election, as described below.  The supervised election included

new elections for the positions of President, Executive Vice President, Secretary-Treasurer,

Financial Secretary, Director of Research and Education, Director of Clerk Craft, Assistant

Director of Clerk Craft, Administrative Aid – East, Administrative Aid – West, Director of

Maintenance, Assistant Director of Maintenance, Director of Motor Vehicle, Assistant Director

of Motor Vehicle, Maintenance Craft National Convention Delegates (2), Maintenance Craft

---

[1] Pursuant to F.R.C.P. 25(d), Martin J. Walsh, who is serving as the Secretary of Labor, is
automatically substituted as the Plaintiff in place of former Secretary of Labor Eugene Scalia.

State Convention Delegates (2), Motor Vehicle Craft National Convention Delegates (2), Motor

Vehicle Craft State Convention Delegates (2), Clerk Craft National Convention Delegates (7),

Clerk Craft State Convention Delegates (7), and AFL-CIO Delegates (4).

### A.  Election Process

During the week of February 15, 2021, copies of a written notice of nomination were

posted on union bulletin boards at the nearly sixty post office stations covered by APWU Local

72.

On March 9, 2021, APWU Local 72 conducted the nominations meeting at the union

hall. Several positions had only nominees equal to the number of positions to be filled and so

were uncontested: Director of Research and Education, Director of Motor Vehicle, Assistant

Director of Motor Vehicle, Motor Vehicle Craft National Convention Delegates (2), and Motor

Vehicle Craft State Convention Delegates (2).

On March 23, 2021, a meeting was held for candidates to discuss campaign rules and

prohibitions, inspection of the mailing list, distribution of campaign literature, and rules

regarding observers.

As in past elections, APWU Local 72 retained Accounting Business Services (ABS) to

print, stuff, mail, and tally the ballots.  The ballot packages were prepared by ABS under the

supervision of OLMS at the APWU Local 72 union hall on the evenings of March 30, 2021 and

March 31, 2021.

On April 1, 2021, the notice of election and ballots were mailed to all members at their

last known home address.  A total of 1,290 ballot packages were mailed to voting members.

Twenty-one ballot packages were promptly re-mailed to members for whom a better mailing

address was obtained following their packages being returned as undeliverable.

2

On April 27, 2021, Election Supervisor Laureen Boger, the election committee, and ABS retrieved 389 ballots from the dedicated post office box in the main post office in Cleveland, Ohio and taken straight to the union hall.  The return envelopes were verified for voter eligibility.  During this process, four ballots were voided because the outer envelopes did not have a return address or member name, which prevented voter eligibility from being determined.

Accordingly, 385 ballots were tallied.  The complete results were as follows:

| Office | Candidate | Total Votes |
|---|---|---|
| President | **Daleo Freeman** | 208 |
| | James "JD" Dennis | 168 |
| Executive Vice President | **Nigel Saleem** | 228 |
| | Gregory Smart | 133 |
| Secretary-Treasurer | **Lonnie Turner** | 172 |
| | Starr Hudge | 50 |
| | Brittany Price | 133 |
| Financial Secretary | **Bindu Sancho** | 131 |
| | Felisa Washington | 119 |
| | Robert Polite | 102 |
| Director of Research and Education | **Juanita Jett** | 274 |
| Director of Clerk Craft | **Tonya Butler** | 118 |
| | Jacqueline Stewart-Harris | 104 |
| Assistant Director of Clerk Craft | **Sharon Denise Travis** | 88 |
| | Trennel "Tre" Bailey | 79 |
| | James Cargile, Jr | 43 |
| Administrative Aide, East | **Joe E. Washington** | 107 |
| | Dominique Taylor | 67 |
| | Kayla Ray | 29 |
| Administrative Aide, West | **Ingrid Rivera** | 141 |
| | Lacey Jerla-Johnson | 71 |
| Director of Maintenance | **Tom Vlasek** | 59 |
| | Erin Armstrong | 56 |
| Assistant Director of Maintenance | **Randy Todd** | 54 |
| | Christian Trifu | 45 |
| | James Butler | 14 |
| Director of Motor Vehicle | **Steve Martin** | 26 |

3

| Assistant Director of Motor Vehicle | **Dwayne Sopshire** | 35 |
|---|---|---|
| Maintenance Craft National Convention Delegates (2) | **Randy Todd** | 48 |
| | **Juanita Jett** | 44 |
| | Christian Trifu | 42 |
| | Daleo Freeman | 36 |
| | Orane McDonald | 25 |
| | Emeria Fields | 23 |
| Maintenance Craft State Convention Delegates (2) | **Randy Todd** | 41 |
| | Nigel Saleem[2] | 39 |
| | **Christian Trifu** | 35 |
| | Juanita Jett | 31 |
| | Daleo Freeman | 28 |
| | Orane McDonald | 21 |
| | Emeria Fields | 19 |
| Motor Vehicle Craft National Convention Delegates (2) | **Dwayne Sopshire** | 34 |
| | **Donald Jackson, Jr.** | 24 |
| Motor Vehicle Craft State Convention Delegates (2) | **Dwayne Sopshire** | 33 |
| | **Donald Jackson, Jr.** | 25 |
| Clerk Craft National Convention Delegates (7) | **James "JD" Dennis** | 131 |
| | Tonya Butler[3] | 130 |
| | **Jacqueline Stewart-Harris** | 109 |
| | **Joe. E Washington** | 96 |
| | **Germaine Williams** | 92 |
| | **Ingrid Rivera** | 89 |
| | **Bindu Sancho** | 87 |
| | **Brittany Price** | 82 |
| | Trennel "Tre" Bailey | 80 |
| | Felisa Washington | 77 |
| | Robert Polite | 74 |
| | Gregory Smart | 74 |
| | Sharon Denise Travis | 72 |
| | Starr Hudge | 58 |

[2] Nigel Saleem won the Executive Vice President race, which makes him State and National Convention Delegate by virtue of office.  As a result, Saleem was removed from the State Convention Delegate race, advancing the candidate who received the next highest number of votes.

[3] Tonya Butler won Clerk Craft Director race, which makes her a State and National Convention Delegate by virtue of office.  As a result, Butler was removed from those delegate races, advancing the candidates who received the next highest number of votes.

| | James Cargile Jr. | 48 |
|---|---|---|
| | Patricia Harris | 41 |
| | Dominique Taylor | 37 |
| | Kayla Ray | 30 |
| Clerk Craft State Convention Delegates (7) | Tonya Butler | 129 |
| | **James "JD" Dennis** | 122 |
| | **Jacqueline Stewart-Harris** | 111 |
| | **Ingrid Rivera** | 99 |
| | **Joe E. Washington** | 96 |
| | **Germaine Williams** | 87 |
| | **Bindu Sancho** | 85 |
| | **Trennel "Tre" Bailey** | 79 |
| | Felisa Washington | 78 |
| | Brittany Price | 76 |
| | Robert Polite | 75 |
| | Sharon Denise Travis | 72 |
| | Gregory Smart | 64 |
| | Starr Hudge | 56 |
| | James Cargile Jr. | 48 |
| | Dominique Taylor | 46 |
| | Patricia Harris | 44 |
| | Kayla Ray | 27 |
| AFL-CIO Delegates (4) | **James "JD" Dennis** | 184 |
| | **Tonya Butler** | 170 |
| | **Jacqueline Stewart-Harris** | 136 |
| | **Ingrid Rivera** | 127 |
| | Nigel Saleem | 115 |
| | Germaine Williams | 95 |
| | Brittany Price | 92 |
| | Joe E. Washington | 88 |
| | Gregory Smart | 85 |
| | Trennel "Tre" Bailey | 65 |
| | Sharon Denise Travis | 63 |
| | Starr Hudge | 58 |
| | Patricia Harris | 54 |
| | Steve Martin | 50 |

APWU Local 72 posted the results of the election at the union hall and faxed the results to the post office branches for posting. The winning candidates began their terms of office on May 11,

5

2021, at APWU Local 72's regular membership meeting, in accordance with paragraph 3.d of the Stipulation of Settlement and Order.

### B. Election Protests

The election rules allowed members to submit protests directly to the Election Supervisor in writing at any time before or during the election, or within 10 days after the April 27, 2021 ballot tally. The deadline for accepting protests was Friday, May 7, 2021.

OLMS received one written complaint prior to the election, which was sent by Thomas Vlasek (winning candidate for Director of Maintenance) to the Election Supervisor on March 30, 2021. The Election Supervisor also received a timely post-election protest on May 3, 2021, from James Dennis (candidate for President), Jacqueline Stewart-Harris (candidate for Director of Clerk Craft), and Sharon Denise Travis (winning candidate for Assistant Director of Clerk Craft). On May 7, 2021, Dennis timely added more allegations to the original protest. The Department investigated the allegations in the protests as described below.[4]

**Pre-Election Protest**

**Allegation:** The pre-election protest alleged that, on March 30, 2021, campaign literature on behalf of six candidates was left in the breakrooms of two post offices in violation of the election rule prohibiting campaigning inside postal facilities.

**Response:** Disparate treatment regarding candidates' opportunity to campaign violates section 401(c) of the LMRDA, 29 U.S.C. § 481(c), which requires unions to provide adequate safeguards to ensure a fair election. *See also* 29 C.F.R. § 452.110(a). The investigation indicated that the candidates' literature was left out in the breakrooms of two post offices for a

---

[4] Secretary-Treasurer Lonnie Turner alleged embezzlement of election-related funds, but he did not file a formal protest. His allegation, even if true, would not constitute a violation of Title IV of the LMRDA that may have affected the outcome of the election.

couple of hours before it was removed pursuant to the instructions of the election committee.

In response, OLMS took a number of measures to ensure all understood that campaign material was not to be displayed or distributed inside postal facilities and to prevent any further violations.  OLMS reminded candidates not to allow campaign material to be left in breakrooms and asked them to tell their supporters not to distribute campaign literature inside post offices.  OLMS advised the election committee and stewards to discard any such material found in the breakrooms.  OLMS contacted the Cleveland Area Postmaster and requested that customer service window clerks, supervisors, and managers at all locations help ensure that campaign material was not left out in the post offices.  Additionally, OLMS created a notice to be posted at all local post offices that restated the election rules about campaign materials and requested that stewards remove any campaign material left out in breakrooms or other areas.  OLMS determined that these measures were sufficient to mitigate the effect, if any, on the election from the presence of the campaign literature in the breakrooms of two post offices for a couple of hours.

**Post-Election Protest**

**Allegation 1:** The post-election protest alleged that Daleo Freeman, APWU Local 72's incumbent president, had inappropriate meetings with the election committee.

**Response:** As explained above, section 401(c) of the LMRDA prohibits disparate treatment of candidates for union office.  *See* 29 U.S.C. § 481(c). Complainants did not provide any evidence of inappropriate discussions or meetings between Freeman and the election committee.  The investigation found only that Freeman occasionally came into the conference room where the election committee worked and discussed matters unrelated to the election. There was no violation of the LMRDA.

7

**Allegation 2:** The post-election protest alleged that the election committee showed favoritism and promoted Freeman and the other candidates campaigning as part of "Team One" by emailing their campaign literature for free to the membership.

**Response:** Section 401(c) of the LMRDA imposes a duty on unions to comply with all reasonable requests of any candidate to distribute campaign literature at the candidate's expense, and to treat all candidates equally.  29 U.S.C. § 481(c).  The investigation revealed no evidence that the election committee distributed any candidate's campaign literature free of charge.  All candidates were charged $25 to send an email with campaign literature to the membership.  The election committee chair explained that the election committee discovered on multiple occasions that there were formatting mistakes in the messages they had sent to the membership.  The election committed corrected the formatting mistakes and re-sent these emails.  The committee did not require the affected candidates to pay another $25 for a re-sent email since the candidates had already paid for distribution of that material.  There was no violation.

**Allegation 3:** The post-election protest alleged that a large group of supporters never received complainants' combined campaign mailing because envelopes were removed by the election committee and/or Freeman prior to mailing.

**Response:** As previously noted, section 401(c) of the LMRDA imposes a duty on unions to comply with all reasonable requests of any candidate to distribute campaign literature at the candidate's expense, and to treat all candidates equally.  29 U.S.C. § 481(c).  The investigation confirmed that Travis brought the complainants' combined campaign literature mailing in sealed envelopes to the union hall so that the election committee could attach address labels for the membership.  After attaching labels, the envelopes were loaded into two election committee members' cars for transport to the post office.  Travis met them at the post office to observe the

8

mailing of the envelopes.

The investigation did not uncover evidence, however, to corroborate the allegation that envelopes were removed from the mailing. Travis stated that she concluded that some envelopes went missing because, when she brought the envelopes to union hall, the envelopes filled four postal trays to capacity and there were some additional envelopes in two small boxes.  After the election committee members brought the envelopes to the post office for mailing, the envelopes no longer filled four postal trays to capacity since the two small boxes occupied part of one of the postal trays.  Travis did not know how or when envelopes went missing, but noted that Freeman had helped carry the envelopes to the election committee members' cars and that it took longer than expected for the election committee members to arrive at the post office.  Travis also knew of four members who did not receive the campaign mailing.

OLMS also interviewed Freeman and the election committee chair about the mailing. Both stated that Freeman did not help carry the envelopes to the election committee members' cars or otherwise touch the mailing.  The election committee chair stated that she returned around five envelopes of the campaign mailing back to Travis because Travis had brought more envelopes than there were members.  Other than that, the election committee chair stated that no one removed anything from Travis' mailing at any time.  OLMS determined the investigation did not support finding a violation had occurred.

**Allegation 4:** The post-election protest alleged that the election committee chair prohibited the complainants from campaigning by the employee entrance of the AMC Annex, that Freeman and his team were given special permission to do so, and that Freeman was also allowed to campaign inside the building

**Response:** As explained above, section 401(c) of the LMRDA prohibits disparate

9

treatment of candidates for union office, including where candidates are allowed to campaign.
*See* 29 U.S.C. § 481(c).  The investigation did not substantiate the allegation of unequal access to
the AMC Annex.  The election rules prohibited campaigning inside of postal facilities.  OLMS
interviewed the candidates that the election committee chair allegedly told not to campaign
outside of the entrance of the AMC Annex.  Those candidates reported that the election
committee chair did not actually prohibit them from doing so.  Instead, the candidates voluntarily
chose to campaign outside the gates of the property to avoid any issues.  Freeman stated that he
did not campaign inside the AMC Annex or any other postal facility.  Complainants could not
identify and the investigation uncovered no members who witnessed Freeman campaigning
inside the building.  There was no violation.

**Allegation 5:** The post-election protest alleged that Freeman campaigned in the
Cleveland Plant for more than four to five hours per day throughout the election and that he did
so on union time.

**Response:** As noted above, section 401(c) prohibits the disparate treatment of candidates
for union office, including where candidates are allowed to campaign.  *See* 29 U.S.C. § 481(c).
Section 401(g) of the LMRDA prohibits the use of union funds to promote the candidacy of any
member in an election.  29 U.S.C. § 481(g).  Use of union funds includes campaigning on union
time and using union resources to campaign.  *See* 29 C.F.R. § 452.76.

The investigation did not substantiate this allegation.  Freeman stated that he did not
campaign inside the Cleveland Plant or any other postal facility.  Complainants could provide the
name of only one member who allegedly witnessed firsthand Freeman campaigning inside the
building.  The investigator attempted to contact this member and left two voicemails requesting a
return call.  The member did not respond to the investigator's requests.  As such, the

investigation did not support finding that there had been a violation of the LMRDA.

**Allegation 6:** The post-election protest alleged that Freeman and Team One candidates campaigned by handing out leftover APWU logo bags that had been purchased for members and distributed around Christmas 2020.

**Response:** Section 401(g) of the LMRDA prohibits the use of union resources to promote the candidacy of any member in an election. 29 U.S.C. § 481(g). The investigation confirmed that some incumbent officers who were candidates in the election handed out APWU logo bags to members who had not received their bag at Christmas. OLMS interviewed the two members that complainants identified as witnesses. Neither member reported seeing campaigning during bag distribution. There was no violation.

**Allegation 7:** The post-election protest alleged that the election committee chair was biased toward Team One as evidenced by her reply to a March 30, 2021 Facebook posting by candidate for Director of Clerk Craft Tonya Butler.

**Response:** Section 401(c) of the LMRDA requires that labor organizations provide adequate safeguards to ensure fair union elections. 29 U.S.C. § 481(c). The investigation confirmed that Butler created a Facebook post that complained about other candidates leaving campaign materials inside postal facilities and included the photo of the materials that was submitted to the Election Supervisor with the pre-election protest. The election committee chair posted a brief reply stating: "According to the DOL this should not be happening. It has been reported to them. It's against the federal law. Please throw them in the garbage." The investigation detected no bias in Sanford's decision to post the comment or in its content. The comment is consistent with the election committee's role in educating members about the election rules, ensuring compliance, and addressing violations. There was no violation of the

11

LMRDA.

**Allegation 8:** The post-election protest alleged that Freeman permitted the election committee to spend unlimited union funds for meals, which was a perk that encouraged favoritism.

**Response:** As noted above, section 401(c) of the LMRDA requires that labor organizations provide adequate safeguards to ensure fair union elections. 29 U.S.C. § 481(c). The investigation found no evidence that meals provided to the election committee were intended to or did create favoritism.  The meals provided to the election committee were consistent with the union's practice with respect to other union committees.  Union funds are routinely used to purchase lunches for union work committees that work more than four hours at the union hall and there is no set dollar limit.  There was no violation.

## C.  Conclusion

The Department has concluded from its investigation of these election protests that the APWU Local 72 April 27, 2021 election of officers, conducted under the Department's supervision, complied with Title IV of the LMRDA and was conducted, insofar as lawful and practicable, in accordance with APWU Local 72's constitution and bylaws and the LMRDA. Therefore, the results of this supervised election should be certified by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 28th day of July, 2021, in the City of Washington, District of Columbia.

Brian A. Pifer, Director
Office of Field Operations
Office of Labor-Management Standards
United States Department of Labor

12